*J. Baker, pro se.*

*A. G. Stinchfield, pro se.*

————◆———— ◦

HORACE WEBSTER *vs.* GEORGE H. BAILEY and others.

If a debtor, having failed to disclose in accordance with the conditions of a bond given under R. S., c. 113, § 16, would reduce the amount of damages to be recovered thereon to a nominal sum, he must satisfy the court upon the hearing in chancery, that, during the thirty days next after judgment in the original suit, he was utterly worthless in property, so that the plaintiff suffered no damages by the debtor's failure to disclose.

Proof that he was insolvent, during that time, is insufficient.

ON REPORT.

DEBT on a bond given under R. S., c. 113, § 16, by the defendants, to relieve George H. Bailey from arrest on *mesne process* brought against him by the plaintiff.   The judgment in the original suit was recovered Dec. 23, 1868.

Bailey did not attempt to disclose, but undertook to reduce the damages to a nominal sum.

The evidence is sufficiently recited in the opinion.

*G. C. Vose*, for the plaintiff.

*J. Baker*, for the defendants.

BARROWS, J. In bar of this action of debt on a bond given to relieve George H. Bailey, one of the defendants, from arrest on *mesne process*, the respondents plead the general issue, and file a brief statement, alleging that " at the time of the rendition of judgment in the original suit against the principal in this bond, and for thirty days thereafter, the said George H. Bailey was entirely insolvent, and utterly worthless in property, so that plaintiff suffered no damage by his failure to disclose."

It has often been adjudged by this court, that only the actual damage is recoverable in a suit for the breach of a bond of this description.

In *Downes* v. *Reily*, 53 Maine, 62, the most recent case reported, reference is made to some of those in the long series, in which the question has arisen in a variety of forms, and the distinction between bonds on *mesne process* and bonds on execution has been illustrated. They need not now be cited anew.

The question here is whether sufficient proof is furnished in the debtor's deposition, which is the only testimony (aside from the bond and the record in the original suit) introduced by either party, to reduce the damages to a nominal sum.

That it is incumbent upon the defendants to furnish evidence which shall justify the court, upon the hearing in chancery as to the damages, in reducing the amount to be recovered below that of the judgment in the original suit, was settled in *Sargent* v. *Pomroy*, 33 Maine, 388. In the absence of all evidence with regard to his ability to pay, and all evidence which might have a tendency to account for the forfeiture of the bond, the natural presumption would be, if the principal made no attempt to disclose and save such a for-

feiture, that the creditor suffered damage to the amount of the judgment which he had recovered, and judgment should be rendered for that amount unless the court is satisfied, by the evidence produced, that the actual damage, caused by the debtor's failure to disclose, was in fact less.

When the debtor is within reach and capable of testifying, the defendants seem to have the means of showing the amount of the damages with reasonable precision, or of demonstrating the fact (if it be a fact) that there were none. All doubtful, indefinite, or equivocal statements coming from him, must needs be construed against them. Especially, if the debtor is the only witness produced, should his testimony be carefully weighed and examined by the court, so as to ascertain whether, and how much the amount, to which the creditor would otherwise be entitled, ought to be reduced to conform to the actual damage accruing from the breach of the bond. If his testimony consists of merely vague general statements that are not in themselves conclusive as to his means and ability to pay at the time when the disclosure should have been made ; or, if his account of matters is so inconsistent or improbable in itself, as to compel us to reject it as unworthy of credit, the issue presented by the defendants, in their brief statement, is not maintained on their part, and the plaintiff will be entitled to judgment for the amount of his debt and costs in the former suit with interest.

Such would be the case if the debtor offered only a naked statement that he was insolvent. The assertion is not necessarily inconsistent with the idea that a disclosure, at the time specified in the bond, would have exhibited property sufficient to pay this creditor. A man is said to be insolvent, and might honestly enough declare himself so, when he had not property enough to pay all his debts; but proof of that statement of things differs widely from proof that he was "utterly worthless in property, so that the plaintiff suffered no damage by his failure to disclose." This last is the proposition which the defendants must establish, if they would claim to have the plaintiff's judgment reduced to merely nominal damages.

"From the 23d day of December, A. D. 1868, to January 24,

A. D. 1869, I was insolvent." That is the only material evidence that this debtor vouchsafes to utter on his examination in chief. If this were all, and we believed it to be true, it might entitle the defendants to a nominal deduction from the amount of the original judgment, but assuredly nothing more.

That a debtor, called upon under these circumstances to make proof of his complete inability to pay his debt, or any portion of it, should stop with this solitary inconclusive statement, is a somewhat significant fact.

His deposition is taken in this county May 19, 1869. Upon a cross-examination, he states that he was never married; that he returned from California the last of 1866, or first of 1867, and from January, 1867, to February, 1868, was employed in farming or carpenter work, for his father and brother, who paid him for his services; that he left Maine again in April, 1868, and went directly to California; remained there about a month, and went thence to Idaho, and remained till the 12th or 13th of January, 1869, being employed part of the time in driving a team, and part of the time at work in the shop, shoeing oxen; that he settled with his employers on the 4th of December, 1868; that his business did not support him from March, 1868, to February, 1869, by about $800; that when he left for California in April, 1868, he had about $425, or $450; that he owed nobody but the plaintiff in December, 1868, and January, 1869; that he collected nothing while in California the last time, all his demands being outlawed, or worthless; that he had a silver watch in December, 1868, worth $50; that at the time of giving this deposition, he had about $250, and was to start that day again for Idaho.

These statements are not only inconsistent with the hypothesis, that the debtor had no means between Dec. 24, 1868, and January 24, 1869, which ought to have been appropriated to the payment of his debt, but they are so improbable and inconsistent with each other as to destroy our belief in the honesty of the witness.

That the business of a single man, free from all family burdens, and, for aught that appears, in good health and constant employ-

ment on wages, should be insufficient to support him, showing so large a deficit as $800 in eleven months, is sufficiently improbable ; but taking in connection with this the statement that he had but $450 at the most at the beginning, and that he owed nobody but the plaintiff (whose debt accrued in 1864) at the end of the period named, we have a financial problem presented which is arithmetically impossible.   Little explanation of the intrinsic improbabilities of the evidence, or of its manifest inconsistencies, is made or attempted in the reëxamination by defendant's counsel.   The debtor admits the reception from his employers of $383 a few days before Jan. 12, 1869, which was just about the time that his disclosure should have been made.

If a debtor thus failing to comply with the conditions of his bond would relieve himself and his sureties from the payment of damages, his testimony must exhibit something more clear, consistent, and decisive, or at least more strongly indicative of honest intentions. than anything that we find in this deposition.

*Defendants defaulted.*

*Judgment for plaintiff for the amount of the
original judgment and interest.*

Cutting, Walton, Danforth, and Tapley, JJ., concurred.